ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CARLOS A. CEDEÑO ORTEGA<br><br>Apelante<br><br>v.<br><br>IDELFONSO MORALES SANTIAGO Y OTROS<br><br>Apelados | TA2025AP00726 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: GM2025CV00509<br><br>Sobre: Daños y Perjuicio |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de febrero de 2026.

Compareció el Sr. Carlos A. Cedeño Ortega (en adelante, "señor Cedeño Ortega" o "apelante") mediante el recurso de apelación de epígrafe presentado el 15 de diciembre de 2025. Nos solicita la revisión de *Sentencia* emitida el 4 de noviembre de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, "foro de instancia"). En el aludido dictamen, el foro de instancia desestimó con perjuicio la demanda presentada por el señor Cedeño Ortega, por falta de jurisdicción.

Por los fundamentos que expondremos a continuación, se **desestima** el recurso de epígrafe.

**-I-**

Del recurso que nos ocupa surge que, el señor Cedeño Ortega es miembro de la población correccional de la Institución Guayama 500. El 18 de junio de 2025, el señor Cedeño Ortega presentó una *Demanda[1]* sobre daños y perjuicios contra varios oficiales

---

[1] SUMAC-TPI, entrada núm. 1.

correccionales en su carácter personal: Siul Cedeño Bianchi, José Ortiz Oliver, Félix Berríos de Jesús, Antonio Vázquez Olivencia, Kenneth La Salle Merced e Idelfonso Morales Santiago (en conjunto, "los demandados"). En esencia, alegó que sufrió angustias mentales como consecuencia de pasar su cuerpo completo por una máquina de escáner de rayos X.

El 31 de octubre de 2025, el Estado Libre Asociado de Puerto Rico, por sí y en representación del Departamento de Corrección y Rehabilitación, y los demandados en su carácter personal representados por el Departamento de Justicia, presentaron una *Moción de desestimación.*[2]   Argumentaron que el foro de instancia no tenía jurisdicción sobre la materia del caso, ya que, por los mismos hechos de la *Demanda,* el señor Cedeño Ortega había presentado lo siguiente:

> [...] la Solicitud de Remedio Administrativo Núm. GMA500-211-25, la cual fue recibida por la División de Remedios Administrativos, el 25 de abril de 2025. El Departamento de Corrección y Rehabilitación, mediante la División de Remedios Administrativos, entregó contestación al remedio solicitado el 3 de julio de 2025 y le indicó a la parte demandante que los funcionarios involucrados en el escaneo de su persona han cumplido con los reglamentos de la agencia y el reglamento establecido para el uso del escáner de Rayos X. A pesar de la parte demandante haber recibido esa contestación, presentó una Solicitud de Reconsideración el 17 de julio de 2025, y el 30 de julio de ese mismo año, la agencia le informó que se sostenía en su previa determinación.[3]

Por lo cual, alegaron que el señor Cedeño Ortega tenía un término jurisdiccional de treinta (30) días para acudir al Tribunal de Apelaciones mediante revisión judicial y no al Tribunal de Primera Instancia mediante una demanda.

Así las cosas, el foro de instancia emitió el 4 de noviembre de 2025, notificada al día siguiente, una *Sentencia* bajo la Regla 10.2 (1) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(1) mediante la cual desestimó con perjuicio la *Demanda* presentada por el señor

---

[2] SUMAC-TPI, entrada núm. 33.
[3] *Id.*, pág. 2.

Cedeño Ortega. El foro de instancia entendió que el señor Cedeño Ortega no agotó los remedios administrativos y no tenía legitimación para presentar una alegación de daños.

Inconforme, el 15 de diciembre de 2025, el señor Cedeño Ortega acudió ante nos mediante el recurso de epígrafe. A pesar de que no hizo constar un señalamiento de error específico, planteó que se le violó su debido proceso de ley al no asignarle un abogado de oficio. Además, **aclaró que en su *Demanda* no incluyó como codemandados ni al Estado Libre Asociado de Puerto Rico, ni al Departamento de Corrección y Rehabilitación ni al Departamento de Justicia**. Asimismo, reafirmó sus planteamientos anteriores.

Examinado el recurso de apelación y la totalidad del expediente, prescindimos de la comparecencia de los recurridos al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 15, 216 DPR __ (2025), y procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR V. ELA et al.*, 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B Power Inc., v. Junta de Subasta*, supra, pág. 698; *FCPR V. ELA et al.*, supra, pág. 530. De manera que los asuntos jurisdiccionales son

privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdiccion y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción.  De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Recurso de Apelación**

En nuestro ordenamiento jurídico, se ha establecido que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Por lo que, "las disposiciones reglamentarias que rigen su perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las

partes o sus abogados". *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 591 (2019). Incluso, nuestro Alto Foro ha resuelto que, "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003).

Cónsono con lo anterior, la Regla 13 (A) del Reglamento del Tribunal de Apelaciones dispone que el recurso de apelación deberá presentarse dentro del **término jurisdiccional de treinta (30) días** contados desde el archivo en autos de una copia de la notificación de la sentencia. Véase, Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 23, 216 DPR __ (2025).

De igual manera, la Regla 52.2 de Procedimiento Civil establece que los "recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del **término jurisdiccional de treinta (30) días** contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado". 32 LPRA Ap. V, R. 52.2

Para salvaguardar las normas procesales apelativas, el Tribunal Supremo ha establecido que "la inobservancia de las disposiciones reglamentarias sobre la forma y presentación de los recursos puede conllevar la sanción más severa para cualquier reclamante: la desestimación". *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver.

**-III-**

De entrada, debemos examinar nuestra jurisdicción para atender el recurso que nos ocupa. Veamos.

Según señalamos en el acápite II de esta *Resolución*, el incumplimiento con las reglas de los tribunales apelativos impide la

revisión judicial. *Soto Pino v. Uno Radio Group,* supra. De manera que las partes deben cumplir rigurosamente las disposiciones reglamentarias requeridas para perfeccionar sus recursos apelativos. *Isleta v. Inversiones Isleta Marina,* supra. Cónsono con ello, tanto la Regla 13(A) de este Tribunal revisor como la Regla 52.2 de Procedimiento Civil, *supra,* requieren que el recurso de apelación sea presentado dentro del **término jurisdiccional de treinta (30) días** contados desde el archivo en autos de una copia de la notificación de la sentencia.

Tras examinar el expediente, surge con meridiana claridad que la intención del apelante siempre fue demandar en capacidad personal a los oficiales correccionales y excluir como codemandados al Estado Libre Asociado de Puerto Rico y sus agencias. Véase, SUMAC-TA, entrada núm. 1, págs. 33-34; y entrada núm. 2, págs. 5-6. Por tanto, en este caso, no hay duda de que el término aplicable para apelar es el de treinta (30) días jurisdiccionales contados desde el archivo en autos de una copia de la notificación de la *Sentencia* apelada.

Aclarado lo anterior, consta en el expediente que, el foro de instancia notificó la *Sentencia* apelada el 5 de noviembre de 2025. Además, nótese que, el recurso de epígrafe fue enviado por correo y se recibió en la Secretaría de este Tribunal el 15 de diciembre de 2025. Cabe señalar que, el recurso no aparece firmado ni sellado ante el Departamento de Corrección y Rehabilitación, lo cual nos impide considerar alguna otra fecha de presentación. Así las cosas, tomamos como la fecha de presentación aquella fecha en la cual se recibió el recurso en la Secretaría de este Tribunal y, en consecuencia, concluimos que el apelante presentó su recurso de apelación cuarenta (40) días después de la notificación de la sentencia que pretende apelar.

De estos datos surge con meridiana claridad que el recurso fue presentado fuera del término jurisdiccional de treinta (30) días que establece la Regla 13 del Reglamento de este Tribunal, *supra,* y la Regla 52.2 de Procedimiento Civil, *supra.* Sobre esto, recordemos que los términos jurisdiccionales son fatales, no prorrogables, y su incumplimiento impide nuestra función revisora por privarnos de jurisdicción. *Soto Pino v. Uno Radio Group,* supra. En otras palabras, este Tribunal está impedido legalmente de atender el presente recurso, por ser presentado tardíamente.

Por tanto, resulta forzoso concluir que no tenemos jurisdicción a consecuencia del craso incumplimiento del peticionario con el Reglamento del Tribunal de Apelaciones y las Reglas de Procedimiento Civil. Aclaramos que, aunque la comparecencia del peticionario ante nos fue por derecho propio, ello no lo exime del cumplimiento con nuestras normas reglamentarias. *Febles v. Romar,* supra.

En vista de lo anterior, procedemos a desestimar el recurso de marras, de conformidad con la Regla 83(C) del Reglamento de este Tribunal.

**-IV-**

Por los fundamentos expuestos previamente, se **desestima** el recurso de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones